Parker, C. J.
The first error assigned in this case, and probably that which is most relied on as a cause for reversing the judgment, is, that it does not appear, from the record, tha.t the [ * 382 ] pauper, who was the subject of the process, was * sum- *347 maned to appear before the justice at the original hearing, or subsequently upon the appeal before the Common Pleas.
The litigation being between the two towns, and not between the complainants and the pauper, it is evident that the presence of the pauper at either of the hearings could be of importance in no other view than as her testimony might be used by one party or the other. But as her personal liberty was in some measure concerned in the question, a compulsory removal from one town to the other being the possible effect of the process, the legislature has provided that the justice shall summon the pauper and other witnesses, and may, if he see cause, compel the appearance of the former by warrant to be examined, and shall hear his objections to such removal, &c.
There is also a provision in the statute for an appeal to the Court of Common Pleas, by the person against whom there is judgment of removal; and in the section providing for a writ of error to the Supreme Judicial Court, although the words of the statute do not so clearly extend this ultimate mode of relief to the same party, yet the equity and reason of the statute would extend to such party. For, unless he was considered by the legislature as comprehended within that provision, there seems to be no relief provided by the statute for him, in case of an unjustifiable removal.
As it respects the pauper, then, we have little doubt that he is so far a party to the process, that he may apply for a reversal of the judgment of the justice or Court of Common Pleas, for any sub stantial error of which he could not avail himself on the appeal; and unless he be notified of the process by summons, according to the provision of the statute, or be present without such notice, which might supersede the necessity thereof, if it appeared by the record the judgment is erroneous as it respects him, and he may procure its reversal by writ of error.
We think, therefore, that it ought to appear distinctly, by the return of the officer to the summons, that the person removed * was summoned; or upon the record, that he [ * 383 J was present during the examination. Nor do we think that the certificate of the justice, or of the court, that due examination was had, is sufficiently certain to this point; the word examination being equivocal, and as applicable to any other inquiry in the course of the cause as to that of a personal examination of the pauper.
But the question remains, whether the present plaintiffs in error can take advantage of this defect in the original process. It is obvious that the error complained of was not injurious in its effects to them; and that, as far as the testimony of the poupe might have *348 been of importance, it was competent for them to have applied for a summons for her, in the same manner as for other witnesses; and upon her refusal to obey the summons, to have insisted upon a compulsory warrant from the justice, to coerce her appearance. Upon the trial of the cause also upon the appeal, there was a new opportunity to have applied for a summons, and for an attachment, if the summons were disobeyed. If either of these tribunals had failed of its duty upon such application, the refusal might have been made a matter of record, and might have been assigned as error. It is manifest then, that the neglect to summon the pauper, if that was the fact, or the not entering upon the record that she was summoned, or that she appeared, has been no injury to the plaintiffs in error.
It is a reasonable principle of the common law, that no party shall assign for error in a process that which was not disadvantageous to himself. But still, if the town and the pauper are here to be considered as one party, it would be competent to them to assign for error that which would be prejudicial to either of them; for in that case, both must join in the writ of error. And if they are to be considered in this light as one party, then this suit is misconceived, and the writ cannot be sustained. For it is clear that all the plaintiffs or defendants in an original suit, who are alive, must [ * 384 ] join in a writ of error; and this must be done even * if some of them should choose to abide by an erroneous judgment; and a summons and severance will take place in the court of such as choose not to prosecute the suit, (a)
But we are disposed to consider the town and the pauper as several and distinct parties, each having their distinct interests and rights. The judgment upon the process is in its nature several against the pauper to remove him from one town to another, and against the town to charge it with his support and the expense of the suit. In this light the subject is viewed by the legislature, who have, in the whole course of the statute, considered them as independent parties. The town is the principal party; the judgment is to bind it; the summons from the justice is directed to it; and the damages and costs are to be paid by it; nor is there any part of the judgment which relates to the pauper personally. He is considered by the statute as a witness, and in some 'respects like other witnesses, and is made a party for the preservation of his own rights, giving him the privilege of a hearing, and a right to appeal, and to a writ of error. He is, in fact, no more a party with the defendant than with the plaintiff; for it is his right by law to be sup *349 ported in the town where he has his settlement; and he may be a witness for either town, being no otherwise interested in the question than as his personal liberty is concerned. If he acquiesces in the judgment establishing the place of his settlement, although he may not have been summoned, there is no reason why the town upon which he is charged should volunteer to assert his rights without his request.
This mode of considering the several parties to a process, as independent of each other, and permitting one to prosecute a writ of error and refusing another, is not confined to this particular process. In a foreign attachment, the same principle exists. There the principal debtor shall not, by writ of error, take advantage of any defect m the proceedings affecting only the interests and rights of the trustee, as was settled in the case of Whiting, in Error, vs. Cochran. (2)
* In that case, Dexter was sued as the trustee of [ * 385 ] Whiting, but no service was made upon him. Judgment was rendered against Whiting alone, and against his goods, effects, and credits, in the hands of Dexter. Whiting brought his writ of error to reverse the judgment; but the Court were all of opinion that, as this was a matter in which Whiting was not interested or prejudiced, he should not reverse the judgment, although, if Dexter had brought the writ of error, they should have reversed so much of it as affected him. .
This case shows that Whiting and Dexter were considered as in dependent parties. Otherwise the writ of error would have been quashed, because brought by Whiting alone. It also shows that the party in the process, who is not prejudiced, shall not take advantage of error not affecting himself to reverse the judgment.
We think the case before us, in principle, like that cited. And although the writ of error is well brought by the town alone, the pauper not being a party with them, but independent of them, yet as the error complained of is not, in any degree, to their prejudice or disadvantage, they cannot prevail in the suit on this account.
Another error assigned is grounded upon the constitutional pro vision, that, in all controversies concerning property, the trial of fact? shall be by jury. But this case comes within the exception to that general provision of causes which were used and practised other-ways before the adoption of the constitution. For, from the settlement of the country, all questions relative to the settlement or removal of paupers were heard and determined by the Courts of General Sessions of the Peace, without the intervention of a jury
*350 As to another error assigned, viz., that the Court of Common Pleas did not adjudge the lawful settlement of the pauper to be in the town of Shirley, we think it well enough set forth in the record, although not in the precise form of words prescribed by the statute. The words in the judgment are, that the said Polly Mills is the proper poor of the town of Shirley. She could be no otherwise the proper poor than by having her lawful settle- [ * 386 J ment there; and the * statute only requires that the forms therein prescribed shall be substantially pursued.
Nor do we think that there is any essential defect in that part of the judgment which assesses the damages; because, by the statute, damages can only be given for expenses ; and the necessary legal inference is, that the damages assessed were for the object provided for in the statute.

Judgment affirmed.

 Porter vs. Rummery, 10 Mass. Rep. 64.

 9 Mass Rep. 532.