BILLINGS ELLIS & another *vs.* CATHERINE BULLARD.

If a joint judgment against A. and B. be erroneous for a defective service on B., who afterwards releases the error, A. cannot maintain a writ of error in their joint names to reverse the judgment.

WRIT of error to reverse a judgment in favor of the defendant in error, against the plaintiffs in error, before a justice of the peace, for eighty-four dollars and ninety-two cents, debt or damage, and three dollars and forty-three cents, costs. The writ on which said judgment was rendered, bore date January 3d, 1853, and was returnable before the justice, on the 12th day of January, 1853, at ten o'clock in the forenoon, upon a promissory note, signed by said Charles Nason and Billings Ellis, bearing date Walpole, November 1st, 1850, by which they promised said Catherine Bullard, to pay her or order, seventy-five dollars, with interest. The defendants in

said writ, now plaintiffs in error, were described in the writ, " Charles Nason and Billings Ellis, of said Walpole." The return of service is in the words following, viz: " Norfolk ss. Walpole, January 3d, 1853. By virtue of this writ, I have attached one covered pleasure wagon, the property of the within-named Billings Ellis, and at the same time gave him a summons for his appearance at court, and as the said Charles Nason is out of my precinct, and has no tenant, agent, or attorney therein, to my knowledge, I left a summons for his appearance at court, with the said Billings Ellis, his co-defendant." Judgment was rendered against said Nason and Ellis at the return day and hour of the writ, by default, without any appearance by either of them. The said Billings Ellis instituted this suit, without any leave of said Nason, except such license as is implied from the legal relation existing between them, appearing on the face of the note and the aforesaid proceedings. The assignment of errors was filed in the clerk's office on the 15th day of January, 1853, and the error assigned was, " That said Charles Nason, since the 1st day of October, in the year 1852, changed his last and usual place of abode, by removing from said Walpole to the town of Milford, in the county of Worcester, in which said town of Milford, said Nason resided, and had his last and usual place of abode on the 3d day of January, in the year 1853." On the 1st day of February, in the year 1853, the said Charles Nason executed an instrument under seal, which is as follows: " In the action Billings Ellis and Charles Nason plaintiffs in error against Catherine Bullard, defendant in error, my name having been used without my knowledge or consent, I hereby agree to become nonsuit, and I hereby release and waive all errors (if any there be) in the judgment which the above-named action is brought to reverse." And on the entry of this suit, to reverse said judgment, the counsel of the defendant in error, appeared specially and moved the court, that the said Nason become nonsuit, and that an entry be made on the record to that effect. At the same time, the said Nason filed a statement respecting his domicil, as follows: " I, Charles Nason, of the town of Walpole, do consider myself a

42*

resident of said town. I have been a resident of said town the last twenty years or more. In the month of December 1852, I broke up housekeeping, and stored my furniture in said town of Walpole, where they now are. My wife and children are visiting their friends. Since the month of November I have been at work in the town of Milford, by the day, but it is uncertain how long I shall remain there." And this was the only evidence respecting the domicil of said Nason. This process was instituted in the manner following, viz: The plaintiff in error, filed in the clerk's office a copy of the original writ and judgment certified by the justice who rendered the judgment, and filed the assignment of errors on the 15th day of January, 1853, and a *scire facias* to hear errors, without inserting therein the error assigned, was issued on the same day, which was duly served on the defendant in error. No writ of error commanding the justice to return the record to this court ever issued, and for that reason the defendant in error moved, immediately upon the entry of this suit, to dismiss this proceeding.

She also moved to dismiss because there was an opportunity for said Billings Ellis to appeal from said judgment, and because the error assigned was not inserted in the *scire facias*, and because said Ellis was not injured by the irregularity in the judgment, if any. The case was submitted on a statement of facts, of which the foregoing are the most material, and it was agreed that the court should draw such conclusions as a jury would be warranted in drawing, and render such judgment or make such entry and disposition of the case as is conformable to law, the defendant's rights upon her motions to dismiss being reserved to her.

*E. Ames*, for the plaintiffs in error.

*E. M. Bigelow*, for the defendant in error.

THOMAS, J. Ellis, the plaintiff in error, who prosecutes this writ, has no ground of complaint. The service upon him was sufficient to warrant a judgment upon his default. He had also his remedy by appeal, and, therefore, for him error will not lie. *Monk* v. *Guild*, 3 Met. 372. It is a familiar principle of the common law, that a party cannot assign for

error, what was not to his disadvantage, much less what was to his benefit.  *Shirley* v. *Lunenburgh,* 11 Mass. 379; *Whiting* v. *Cochran,* 9 Mass. 532; *Hemmenway* v. *Hickes,* 4 Pick. 497.

Nason, the other plaintiff in error, is made a party without his consent.  If he has cause of complaint, he makes none. On the other hand, he waives all error, and consents to become nonsuit.  Were this not so, yet, as upon the reversal of a judgment, on a writ of error, the court may enter the same judgment which the court below might have rendered, it may enter judgment against Ellis.  Nason, therefore, is the only person who could avail himself of the error, and he is content.

*Plaintiffs take nothing by their writ.*