## THE TOWN OF CANAAN *v.* THE TOWN OF HANOVER.

Where it appeared from the evidence in the case, that one of the daughters of Aaron Bradbury, now deceased, alleged to be a pauper, having his legal settlement in Hanover, was for a short time supported on the poor farm of said Hanover, and, on another occasion, a small bill of board was paid to said Canaan on account of the said daughter by the defendants, it was *held*, that these facts unexplained, constituted competent evidence of an admission by the defendants of their liability to support members of the same family, who had acquired no settlement in their own right.

THIS is an action of assumpsit brought to recover for supplies furnished by the plaintiff for the relief of Annette Bradbury, the widow of Aaron Bradbury, deceased, and five of their children, all alleged to be paupers and chargeable to the defendant town. The relief was alleged to be furnished from March 10, 1862, to June 4, 1862, to the amount of $25.31, and from June 6, 1862, to February 20, 1863, to the amount of $74.10.

At the trial by the court upon the general issue, it was admitted that the relief was furnished; that it was necessary; that the paupers were then in the town of Canaan; that the charges were reasonable, and that due notice to the town of Hanover was given, and the only question in controversy was, whether the paupers had a settlement in Hanover.

It was admitted that the paupers were the wife and children of Aaron Bradbury, and it appeared in evidence that he was the son of William Bradbury, who, during the life-time of his father, a resident of Canaan, and of the same name, was sometimes called William Bradbury, Jr.; and the question was, whether the said William Bradbury the younger, acquired a settlement in Hanover from 1831 to 1845, by residence and payment of a poll tax seven years in succession during that period, including both of those years. If he did, then the settlement of his son Aaron, who was not emancipated, was also in Hanover.

It appeared in evidence that the said William Bradbury the younger,

resided in Hanover during the whole of the period in question, and for some years next preceding, and to prove the assessment of poll taxes upon him, the plaintiff introduced the records of the town of Hanover, of the invoices and assessments during those years, kept by the town clerk of said town, from which it appeared that a poll tax was assessed against William C. Bradbury in the years 1831 and 1832 ; against William B. Bradbury in 1833, 1834, 1835, 1836, and 1837, and against William Bradbury in 1839, 1840, 1841, 1842, 1843, 1844; and 1845.

In relation to 1838, the entry in the record was substantially in this form :

| Bradbury, Wm., &c., Ocup't. | Poll. | Acres. | Value. |
|---|---|---|---|
| Bradbury, Ben., Canaan, | 1 | 120 | 500 |

Then follows : Cattle, cows, 4—84. Horse, 1—15. Sheep, 18 ; Sheep, — 39 ; and then follows this : Stock to William, $2.19 ; land to Benjamin, $2.50 ; and separate taxes assessed on each sum of $2.19 and $2.50, which are set down under the head, "List."

Upon this point, it appeared that Benjamin Bradbury was a brother of William Bradbury, and that he resided in Canaan, and that his brother William, having on Nov. 10, 1831, bargained with Jesse Stetson for a farm, to be paid for in keeping sheep, for which a deed was made and lodged with a third person, to take effect on payment being made ; but not having paid to the satisfaction of said Stetson, the farm was conveyed by him to said Benjamin Bradbury, October 3, 1834 ; that sheep were kept under this agreement by William Bradbury for about three years upon this farm, including the winter after the conveyance to said Benjamin, and that said William occupied and carried on this farm from about the time of his bargain with Stetson, until it was sold by Benjamin Bradbury in 1845.

It appeared, also, that after the purchase by said Benjamin, he, (the said Benjamin,) at times owned a pair of oxen that were kept and used on this farm, and that during a portion of that time the said William had some stock—sometimes oxen, sometimes a horse, a cow, and a few sheep.

To show that the taxes assessed as aforesaid against William C. Bradbury and William B. Bradbury, were in fact assessed against the said William Bradbury, the father of the said Aaron, the plaintiff offered parol evidence tending to prove that no such man as William C. or William B. Bradbury resided in the town of Hanover during that time, and that the said William Bradbury did reside in that town and in the school and highway districts in which the persons assessed as William C. and William B. Bradbury appeared from such lists to reside, and that no person of the name of Bradbury, other than said William, resided in such districts.

To this and other similar evidence the defendant excepted upon the ground that it could not be received to control the record, but the court admitted it subject to exception ; and upon that evidence in connection with the evidence derived from the assessments themselves, it appearing that William B. Bradbury was taxed for the Stetson sheep at times, when such sheep were in keeping by said William, the court find that the taxes

against the said William C. and William B. Bradbury were in fact designed to be assessed against the said William, and that the other names were used by mistake.

It appeared further by the record of the town of Hanover, so introduced by plaintiff, that against the tax of 1843, there was entered by the town clerk the words, " .44 abated by selectmen, March 4, 1846," and against the tax of 1844, the words, "1.50 abated March, 1846," and it appeared on examination of the town clerk that these entries were made by order of one of the selectmen in 1849.

It appeared also that, in 1845, one of the children of said Aaron Bradbury, a daughter, being in Canaan, and needing relief, was removed by the selectmen of Hanover, on application of her friends, to the Hanover poor farm, and there maintained for a short time by the town of Hanover, and a small bill of about $1.50, paid by them for her board in Canaan.

The defendant, as to the tax of 1831, objected that there was error in that assessment.

The invoice was as follows :   1 poll, 2 oxen 5 winters—1 cow 4 winters—unimproved land, 30.30, dist. 2.00—State tax, 42—county tax, 12—town tax, 1.00—school tax, 84—highway tax, 1.36.   The error alleged is that the school tax should have been $0.88 instead of $0.84.

The defendant also objected that the record of the tax of 1831 showed no valid assessment, it being signed only by one of the selectmen, and that it was not recorded until March 4, 1832.

Also, that the assessment of 1832 was not signed at all by the selectmen—the non-resident list only being signed, and the same objection is made to the invoice and assessment of 1833, that neither appears to be signed by the selectmen.   As to 1836, it is objected that there is no certificate by the town clerk that this was a record of the assessment, and that it does not appear when the assessment was made or returned. In respect to the assessment of 1837, it is objected that neither the invoice nor assessment is signed by the selectmen or certified by the town clerk.   It is objected, also, that the assessment of 1838 is invalid, because imperfectly made, and no certificate of town clerk that the record is a copy.

It is further objected to the assessment in 1831, that in the highway warrant no tax is carried out against William C. Bradbury, whereas in the record of assessments he is assessed $1.31.

The exceptions to the validity of the several assessments arising from the want of being signed by the selectmen, and certified by the town clerk, were for the purposes of this trial all overruled subject to exception.

Upon this evidence the court find that the defendant did promise in manner and form as the plaintiff has declared, and assess damages in the sum of $109.89.

On the hearing, either party may refer to the records and the paper evidences in the cause.

Ordered, that the questions of law arising in this case be reserved for

the determination of the whole court at its next Law Term for this county.

*Murray*, for plaintiffs.

*Blaisdell*, for defendants.

NESMITH, J. This was assumpsit, brought to recover the value of certain supplies furnished by plaintiffs for the support of Annette Bradbury, the widow of Aaron Bradbury, deceased, and their five children, alleged to be paupers, and chargeable by law to the defendant town. The case was, by the consent of parties, tried by the court, under the general issue. At the trial no question was made upon the sufficiency of the notice to the defendants, nor to the value of the supplies furnished by plaintiffs, nor to the fact that said paupers were the wife and children of said Aaron Bradbury, deceased. The main question was, whether said paupers had their legal settlement in the town of Hanover. Among other facts, the case finds, "that, in A. D. 1845, one of the children of said Aaron Bradbury, a daughter, being in Canaan, and needing relief, was removed by the selectmen of Hanover, on the application of her friends, to the Hanover poor farm, and there maintained for a short time by the town of Hanover, and a small bill of about $1.50 was paid by them for her board in Canaan." This evidence, standing unexplained, constitutes an *admission*, which legally tends to estop the defendants from denying their liability to support these paupers. Or, in other words, the board and the advances made by the town of Hanover, on account of one of the children of said Bradbury, were competent evidence for the judge who tried the cause, from which he might properly find an admission on the part of the defendants, that they are now liable to support the other children of the same father, when it is now shown they stand in need of relief, and that they have not acquired a new settlement in their own right elsewhere. *Hopkinton* v. *Springfield*, 12 N. H. 328; *Pittsfield* v. *Barnstead*, 40 N. H. 495; *Shirley* v. *Lunenburg*, 11 Mass. 379; *Harpswell* v. *Phippsburgh*, 29 Maine 317.

There are other facts of this case, which it is not necessary now to determine. The court having found their verdict for the plaintiffs, there must be judgment on the finding.