CITY OF PORTLAND vs. CITY OF BANGOR.

Cumberland, 1874.—May 3, 1876.

*Constitutional law. Pauper.*

The fourteenth amendment of the federal constitution, provides that no state shall deprive any person of liberty without due process of law. *Held,* that the *ex parte* determination of two overseers of the poor is not such process. The city of Portland sued the city of Bangor for supplies furnished the alleged pauper, in the workhouse of the plaintiff city, committed under a warrant of two overseers of the poor. *Held,* that the commitment was illegal, that the plaintiffs could not recover, and that the decisions in Nott's case, 11 Maine, 208, and in *Portland* v. *Bangor,* 42 Maine, 403, holding to the contrary, are inconsistent with the fourteenth amendment of the federal constitution.

ON MOTION.

ASSUMPSIT for alleged pauper supplies.

Harriet S. Ray, the alleged pauper, was committed to the Portland workhouse in 1871, under a warrant signed by two overseers of the poor, on an *ex parte* hearing, on the ground that she was an able bodied, dissolute vagrant, exercising no lawful business and liable to become chargeable to the city. This action was brought for her board while in the workhouse for two months ending September 17, 1871, at $2.50 per week. The verdict was for the plaintiffs for $24.49 ; the defendants filed a motion to have it set aside, as against law and evidence.

*A. G. Wakefield,* city solicitor, for the defendants.

*T. B. Reed,* city solicitor, for the plaintiffs, relied upon Angeline G. Nott's case, 11 Maine, 208, and *Portland* v. *Bangor,* 42 Maine, 403.

WALTON, J. It was decided in Angeline G. Nott's case, 11 Maine, 208, that the statute of this state which declares that two or more overseers of the poor of any town or city, may, by a writing under their hands, commit to the work house, "all persons able of body to work, and not having estate or means otherwise to

maintain themselves, who refuse or neglect so to do, and all such as live a dissolute, vagrant life, and exercise no ordinary calling or lawful business, sufficient to gain an honest livelihood; and all such as spend their time and property in public houses to the neglect of their proper business," violates no provision of our state constitution; and, in *Portland* v. *Bangor*, 42 Maine, 403, that the expenses thus incurred for the support of either of these classes of persons while thus confined in the workhouse, are in contemplation of law, pauper supplies, and may be sued for and recovered as such of the town or city where such persons have their settlements.

If such an arbitrary exercise of power violates no provision of our state constitution, it very clearly violates the fourteenth amendment of the federal constitution. That article declares that no state shall deprive any person of life, *liberty*, or property, without due process of law; and while it may not be easy to determine in advance what will in every case constitute due process of law, it needs no argument to prove that an *ex parte* determination of two overseers of the poor is not such process. *Dunn* v. *Burleigh*, 62 Maine, 24.

If white men and women may be thus summarily disposed of at the north, of course black ones may be disposed of in the same way at the south; and thus the very evil which it was particularly the object of the fourteenth amendment to eradicate will still exist.

The objection to such a proceeding does not lie in the fact that the persons named may be restrained of their liberty, but in allowing it to be done without first having a judicial investigation to ascertain whether the charges made against them are true. Not in committing them to the workhouse, but in doing it without first giving them an opportunity to be heard.

If the decisions in Nott's case, and in *Portland* v. *Bangor*, above cited, were correct when made, the power therein sanctioned can be exercised no longer. It is abrogated by the fourteenth amendment of the federal constitution; and was at the time when the proceedings on which this action is founded were had. The proceedings being illegal, the action cannot be maintained. The ver-

dict upon the undisputed facts of the case is contrary to law. It must therefore be set aside.                    *Motion sustained.*

*Verdict set aside.*

*New trial granted.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.