Cicero Township *v.* Falconberry *et al.*

Filed January 28, 1896.

---

No. 1,617.

## CICERO TOWNSHIP *v.* FALCONBERRY ET AL.

POOR.—*Residence.*—*Statute Construed.*—*Aid from County.*—Occasionally obtaining assistance from the county does not necessarily make the one obtaining it a pauper or public charge, within the

meaning of section 8146, subdivision 4, R. S. 1894, requiring an un-interrupted residence for a year within the township by a pauper to obtain a residence therein.

SAME.—*Proceeding to Remove Pauper from Township.—Residence.* —The commencement of a proceeding by a township for the re-moval of a pauper before his residence therein for one year, required by section 8146, subdivision 4, R. S. 1894, to give him a legal settle-ment therein, will not prevent his obtaining a settlement, where he resides therein a full year before the township where he had pre-viously obtained a settlement receives legal notice of the proceed-ing for his removal thereto.

From the Howard Circuit Court.

*Fippen & Purvis*, for appellant.

*W. F. Edwards*, for appellees.

REINHARD, C. J.—This proceeding originated before a justice of the peace of Cicero township, in the county of Tipton.    Thomas B. Bates, trustee of said township, and overseer of the poor, filed his verified complaint before such justice, in the name of Cicero township, against the appellees herein, alleging that they were poor persons found within said township and likely to become a public charge, having no legal settlement in said township, but having a legal settlement in Monroe township, Madison county, Indiana. The appellees were duly served with summons, but, failing to appear, the justice rendered judgment against them by default upon the complaint, and ordered them and their goods removed by the proper constable to Monroe township in Madison county, which was accordingly done.    Thereupon, the trustee of said Monroe township, appealed to the Tipton Circuit Court, where a change of venue was taken to the Howard Circuit Court.    In the latter court the cause was tried on an agreed statement of the facts. The find-ing and judgment was in favor of the appellees, and the township appeals.    The only question presented for our

determination relates to the correctness of the ruling of the trial court in overruling the motion for a new trial on the ground of the insufficiency of the evidence.

The statute under which this proceeding was had provides, among other things, that upon complaint of any overseer of the poor, any justice of the peace may by his warrant directed to, and to be executed by, any constable, etc., cause any poor person found in the township of such overseer likely to become a public charge, and having no legal settlement therein, to be sent and conveyed, at the expense of the county, to the place where such person belongs, if the same can be conveniently done. If the overseer of the poor of the township to which the pauper shall have been removed, as above provided, shall find himself aggrieved by such removal, he may, at any time within twenty days, after such removal shall be known to him, appeal from the decision of the justice ordering such removal, to the circuit court of the county from whence the removal was ordered to be made, such appeal to be taken, tried and determined as in other cases of appeals from justices of the peace, and the order of removal may be vacated or affirmed according to law and the right of the case. Section 8155, R. S. 1894, et seq. (section 6079, R. S. 1881, et seq.

The bill of exceptions in this case contains what the parties have designated as an agreed statement of facts. This was submitted at the trial, and was the sole evidence before the court. It is not contended that this statement makes what is known as an agreed case under the statute. Section 562, R. S. 1894 (section 553, R. S. 1881). In this case pleadings were filed and the facts agreed upon were used as evidence merely. The statement was not verified. A motion for a new trial was made, as we have seen, which is not the proper

practice in an agreed case. See the authorities collected under section 562, R. S. 1894.

There being no agreed case, the statement submitted is to be treated here as other evidence introduced at the trial. This court will indulge the same presumptions of inferences drawn from the evidence as in other cases. Elliott Gen. Prac., section 960.

The substance of the agreement of fact is that Rosa Falconberry and her children (the appellees), on and before December 9, 1890, were residents of Tipton county, Indiana. At that time Rosa Falconberry was a married woman, the wife of one Bluford F. Falconberry, who at said time lived with his said wife and family. On the 9th day of December, 1890, Rosa Falconberry moved with her husband and family to Monroe township, Madison county, Indiana, and purposely, continuously, and uninterruptedly resided there until June 20, 1892, when they removed to Orange county, Indiana, where they resided until September, 1892, at which time Rosa's husband abandoned her, and she left Orange county, together with her family, and again came to Tipton county, where she left her children with her mother and returned to Monroe township, Madison county, to work as a domestic, until December 15, 1892, when her husband's goods and effects were shipped to her from Orange county, and she and her family again went to housekeeping, her children having been removed from Tipton county a few days prior thereto. She again resided in Monroe township, in Madison county "continuously and wilfully" until March 3, 1893, when she and her children moved back to Cicero township in Tipton county, where she was joined by her husband, and they continued to reside together till November, 1893, when her said husband was sentenced for a term of years to the State prison south. On the 10th day of

November, 1893, this proceeding was commenced before a justice of the peace in Cicero township, as before stated, and a few days thereafter a judgment was rendered by said justice against these appellees. They were removed to Monroe township on the judgment of the justice, on May 1, 1894.

Appellees on the date of returning to Tipton county, March 3, 1893, had no property except a very small amount of household goods, and prior to November, 1893, the family asked for support from said township trustee, and since March, 1894, appellees have been demanding and receiving support from said township trustee of Cicero township, until the 1st day of May, 1894, when they were removed to said Monroe township, Madison county, by virtue of the writ of the justice who tried this cause.   The trustee of Monroe township, Madison county, had refused to accept the appellees as residents of said township. Since the trial before said justice, and the execution of said writ, some of the appellees have been sick a part of the time, and unable to be moved any distance.   On the 20th day of October, 1893, the youngest of the appellees was born. The trustee of Monroe township returned the appellees to Cicero township on the 3d day of May, 1894.   When the said last child was born, appellees required the services of the pauper physician of Cicero township, and the county paid for his services.   From the said 3d day of March, 1893, until removed by these proceedings appellees lived continuously in said Cicero township, Tipton county.

There might be some question as to the rights and liabilities of the appellees under the pauper statute if this controversy were between them and Cicero township.   But, as we regard the matter, the real controversy concerns not so much the appellees, who are really

not represented here, and seem to manifest no interest in the determination of this appeal, as it does the appellant township on the one hand, and Monroe township, Madison county, on the other, and which of these townships shall be liable ultimately to support the appellees, if they are actually paupers and a public charge. The title of this action, it seems to us, should have been *Cicero Tp.* v. *Monroe Tp.*, or at least Monroe township would have been a proper party.

Whether a person may be deprived of his liberty solely by reason of his being a pauper or county charge, it is not therefore necessary for us to decide. Assuming that he may be arrested and transported, under the statute above cited, to some place not of his own choosing, and compelled to remain there, we take it that it must first be established by competent proof that he is a pauper or public charge within the meaning of the statute. That there was evidence from which the court had the right to infer that the appellees were paupers, and likely to become a public charge, we think is true. But that the court was bound to come to this conclusion from the statement of facts agreed to, we are unable to say.

Again: The appellant's counsel contend that although the appellees were, at the time of their arrest and transportation, residing in Cicero township, where they had confessedly resided from March, 1893, until the judgment was rendered against them, yet as they had not resided there a whole year without interruption, they had not, under subd. 4, section 8146, R. S. 1894 (section 6070, R. S. 1881), gained a settlement, and were, therefore, subject to be removed by proceedings such as the present one. Whether this position is sound or not also depends upon the contingency that the appellees were paupers when proceeded against; for, if they were

not paupers, no one would contend, we assume, that it would require as much as a year for them to acquire a domicile or residence in any part of the State.

The mere fact that a person may occasionally obtain assistance from the county does not necessarily make such person a pauper or a public charge. It is shown by the agreed facts that the appellee, Rosa Falconberry, had some household property, but the value thereof was not stated. The burden was on the appellant to show that the appellees were paupers, and likely to become public charges. The court below, by its decision, in effect found that this fact had not been sufficiently established. This being true, and there being at least some evidence to support the finding, we cannot disturb the judgment.

But if it be granted that the undisputed evidence shows that appellees were paupers and liable to become a public charge within the meaning of the law, it still does not follow that the court committed any error in this case. The facts agreed upon show that at the time the appellees were actually removed to Monroe township, under the order of the justice, they had resided in Cicero township continuously for more than a year. The mere fact that they had not resided there so long when the proceedings were commenced, or judgment rendered against them, will not change the matter. Monroe township could not be bound by the justice's judgment until after it had some legal notice of the same. Such notice it received when the appellees were delivered to its overseer of the poor, and not till then. At that time the appellees had resided in Cicero township over a year continuously, and the court could find, even under the pauper act, that they had gained a settlement in Cicero township when they were removed.

In either case the judgment of the trial court is supported by sufficient evidence.

Judgment affirmed.

Filed November 20, 1895; petition for rehearing overruled January 28, 1896.