MRS. FRANK HILBORN, Petitioner, v. H. L. BRIGGS, Chief of Police of Jamestown, North Dakota; Henry Cysewski, Policeman of Jamestown, North Dakota; Stella Ball Shepley, Police Matron at the City of Jamestown, North Dakota, Respondents.

(226 N. W. 737.)

Opinion filed September 27, 1929.

*Buck & Buck,* for petitioner.

*Russell D. Chase,* State's Attorney, and *Harry Rittgers,* Assistant State's Attorney, for respondents.

CHRISTIANSON, J.   This is an original application for a writ of habeas corpus presented to this court after a denial of an application for such writ by the Honorable R. G. McFarland, one of the judges of the fourth judicial district, wherein the petitioner is confined.   The petition alleges that the petitioner is a citizen of the state of North Dakota and a resident of the county of Stutsman in this state and has living with her, and dependent upon her for support seven minor children; that on the 22nd day of August 1929 she and her said children were taken into custody by the police officers of the city of Jamestown, who are named as respondents in this  proceeding and imprisoned and restrained in the county poor farm in Stutsman county; that the cause or pretense for such confinement and restraint is a certain warrant of deportation issued by, and after proceedings had before, one Kellogg, a justice of the peace of said Stutsman county, which warrant (omitting the title) reads as follows:

"Complaint having heretofore been made to this Court by Christ Fleutsch, one of the Overseers of the Poor within and for the County of Stutsman, State of North Dakota, that the above named Defendants are paupers, and that they have applied for poor relief, and that they have received poor relief in the County of Stutsman, commencing in

April, 1929, and that they are properly residents of the County of Pennington, in the State of Minnesota, and an amended affidavit and showing having been filed in this court showing that the proper place of residence of said Defendants above named is Numedal Township, Pennington County, State of Minnesota, and the court having granted the prayer of said petition that the warrant to return said individuals be amended to provide that said individuals be returned to Numedal Township instead of to the County of Pennington generally,

"Now, THEREFORE, This warrant directed to and to be executed by any constable or policeman, of the county of Stutsman, State of North Dakota, hereby directs that the Defendants above named found in the City of Jamestown, County of Stutsman, State of North Dakota, and likely to become public charges and being paupers within this county, be and each of them sent and conveyed at the expense of the County of Stutsman, State of North Dakota, to Numedal Township, in the County of Pennington, State of Minnesota, where such individuals and each of them belong."

The respondents in their return admit that they are holding the petitioner and her children as police officers of the city of Jamestown, under and by virtue of such warrant of removal; and assert that such warrant constitutes valid process justifying the respondents in restraining the petitioner and her children for the purpose of executing the directions of the warrant.

The question is whether upon these facts the petitioner is entitled to a writ of habeas corpus. In short, the question in controversy is whether the warrant of removal has any validity and justifies the action of the respondent officers thereunder. Comp. Laws 1913, § 11,360. It is the contention of counsel for the petitioner that the justice of the peace had no authority whatever to issue the warrant of removal; that such warrant is wholly void and did not authorize the respondent police officers to take the petitioner and her children into custody for the purpose of removing them from the state of North Dakota, or at all. The counsel for the respondents, on the other hand, insist that such warrant was issued pursuant to the statute, and that consequently the petitioner and her children are restrained by the respondents by virtue of valid judicial process. The basis for the order or warrant of deportation is § 2515, Comp. Laws 1913, which provides:

"Upon complaint of any overseer of the poor, any justice of the peace may, by his warrant directed to and to be executed by any constable or by any other person therein designated, cause any poor person found in the township of such overseer likely to become a public charge, and having no legal residence therein, to be sent and conveyed at the expense of the county, to the place where such person belongs, if the same can be conveniently done; but if he or she cannot be so removed, such person shall be relieved by such overseer whenever such relief is needed."

The section in question is one of the provisions of article 1, chapter 38, of the 1913 Political Code (Comp. Laws 1913, §§ 2496–2528) relating to the support of the poor. The sections immediately following provide:

"Sec. 2516. . . . If any overseer of the poor of any township in any county in North Dakota, to which any pauper shall have been removed, as above provided, shall feel himself aggrieved by such order or removal, he may at any time within twenty days after such removal shall be known to him, appeal from the decision of the justice of the peace ordering such removal, to the district court of the county from which the removal was ordered to be made; such appeal to be taken, tried and determined and costs adjudged as in other cases of appeals from judgment of the justice of the peace, and the order of removal may be vacated or affirmed according to law and the right of the cause."

"Sec. 2517. . . . Such appeal shall be heard at the term of court next after the same is filed therein, if in the opinion of the court reasonable notice of the appeal has been given to the opposite party; but if not thus given, the cause shall stand continued until the next term of the court."

"Sec. 2518. . . . If the order of removal is defective, the court shall permit the same to be amended without costs, and after such amendment is made the appeal shall be heard and determined as in other cases."

"Sec. 2519. . . . If any person be removed by virtue of the provisions of this act from any county, township or place to any other place within the state, by warrant or order under the hand and seal of any justice of the peace, as hereinbefore provided, the overseer of the poor of the township or place to which said person shall be removed is re-

quired to receive such person if he have a legal residence in his township."

· These sections indicate the purpose, as well as, the limitations of the proceedings provided by § 2515. It will be noted that no provision is made for notice to the poor person sought to be removed nor is such person given the right to appeal from the decision. The proceeding provided for is purely one between different poor relief districts in this state, to determine which one is legally chargeable with the duty of supporting a poor person likely to become a public charge. Shirley v. Lunnenburg, 11 Mass. 379. The poor relief districts are the parties to the controversy. Such districts alone are given the right of appeal, and the judgment to be rendered in the district court purports to determine only the liability as between such districts. In the very nature of things the provisions of this chapter can have no effect outside of the state of North Dakota, and the language used clearly indicates that it was intended to authorize removal only for one poor relief district to another within the state. In other words, when the statute is construed as a whole, it is evident that it was intended to apply only to controversies between poor relief districts as to their respective liabilities in providing for needy poor persons who are public charges or likely to become such, and does not purport to authorize the justice's court to determine that a certain person is not a citizen or a resident of this state and to direct the removal of such person from this state. The statute is designed to provide a mode of procedure whereby in case of controversy the different poor relief districts in this state may have determined in an orderly manner which district is legally chargeable with the support of a person who because of his poverty has become or is likely to become a public charge; and also to make it possible to place this burden upon the district where it properly belongs. Whether a determination under this statute can in any case become binding upon a person sought to be removed so that a removal may be had over his objection we need not determine here.

It follows from what has been said that the order of the justice of the peace for the removal of the petitioner and her children from North Dakota to Minnesota, and the purported warrant of removal, were issued wholly without authority of law and consequently constitute no

justification for the detention of the petitioner and her children by the respondent officers. Accordingly the respondents are directed to forthwith release the petitioner and her children from custody.

BURKE, Ch. J., and BIRDZELL, BURR, and NUESSLE, JJ., concur.