No. 34,085

THE STATE OF KANSAS, *Appellant*, v. LUCIAN O. LANGE, LOTTIE LANGE, His Wife; JOHN LANGE, His Son; and SARAH JANE LANGE, His Daughter, *Appellees*.

(83 P. 2d 653)

Opinion filed November 5, 1938.

*Clarence V. Beck,* attorney general, *Samuel Mellinger,* special assistant attorney general, *Roy V. Nelson,* county attorney, and *L. M. Quantius,* of Lawrence, for the appellant.

*Walker F. Means,* of Hiawatha, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment of the district court putting a stop to proceedings instituted by the county director of public welfare before a justice of the peace in Hiawatha to remove Lucian O. Lange and his wife and their two children to the state of Washington on the ground that they were likely to become a public charge in Brown county.

The statute relied on to justify the proceedings before the justice of the peace is G. S. 1935, 39-313, which reads:

"Upon complaint of any overseer of the poor, any justice of the peace may issue his warrant, directed to and to be executed by any constable, or by any other person therein designated, to cause any poor person found in the township or city of such overseer likely to become a public charge, and having no legal settlement therein, to be sent, and charged at the expense of the county, to the place where such person belongs, if the same can be conveniently done; but if he or she cannot be so removed, such person shall be relieved by said overseer whenever such relief is needed."

This statute was enacted in 1862 (Comp. Laws 1862, ch. 163, sec. 14), and has been carried along through all subsequent compilations of our general statutes without legislative change, and remains in effect to this day unless it has been superseded by our recent legislation on social welfare (Laws 1937, ch. 327; G. S. 1937 Supp. 39-701 *et seq.*).

On February 3, 1937, a complaint was filed before a justice of the peace in Hiawatha, on which a warrant was issued which read thus:

WARRANT

State of Kansas, Brown County, ss:

*The State of Kansas to the Sheriff or Any Constable of Brown County:*

"Whereas, Complaint in writing, under oath, that Ralph Heatley as county director, in the county of Brown and the state of Kansas, and on or about the 16th day of November, 1937, affiant found Lucian O. Lange, Lottie Lange,

his wife, John Lange, his son, and Sarah Jane Lange, his daughter, in Brown county, and that they are a public charge or likely to become a public charge of said county, and have no legal settlement therein. That the legal settlement of said Lucian O. Lange, wife, daughter and son is in Longview, Wash.

"*You are therefore commanded,* forthwith, to execute this warrant, and to transport said Lucian O. Lange, Lottie Lange, his wife, John Lange, his son, and Sarah Jane Lange, his daughter, into Longview, Wash., their legal settlement, and then and there return this writ.

· "Witness my hand, at my office in Hiawatha, Kan., in said county, this 3d day of February, 1938.          F. O. KROH, *Justice of the Peace.*"

On the following day the justice of the peace apparently made some order staying the execution of the warrant, and set a time for the hearing of a motion filed in behalf of the Lange family to quash the warrant. Such hearing was heard and the motion overruled on February 12, 1938; and an appeal was taken to the district court.

On March 2, 1938, at an adjourned day of the regular February term of the district court, counsel for the parties argued the legal questions involved. The court ordered briefs to be submitted, which was done; and thereafter on April 26, 1938, the court disposed of the proceeding by a judgment, the material part of which was as follows:

". . . R. S. 39-313, now G. S. 39-313, has been repealed, and that R. S. 39-313, now G. S. 39-313, is unconstitutional and void as violating . . . section 18 of the bill of rights of the Kansas constitution, and the fourteenth amendment to the constitution of the United States. . . .

"It is, therefore, by the court considered, ordered and adjudged, that the defendant's said motion to quash the warrant issued in the above-entitled action to the sheriff of Brown county, Kansas, directing the removal of the defendants to Longview, Wash., and to dismiss the action, be and the same is hereby sustained, and said warrant is hereby quashed and said action is hereby dismissed."

The state brings the case here for review.

Touching the first point raised for our consideration—that the statute of 1862, now appearing as G. S. 1935, 39-313, has been so completely superseded by the Social Welfare Act of 1937 that it has necessarily been repealed by implication—we quite agree with counsel for the state that repeals by implication are never·favored. But a careful study of the recently enacted statute clearly shows that the legislature intended it to constitute an independent code for the relief of the defective, the aged, and the poor. It does not articulate with the statute of 1862. In the earlier statute the governing body of incorporated cities and all township trustees were the statutory overseers of the poor. In the statute of 1937·there is no mention of

an overseer of the poor, nor does the statute vest his powers in another functionary. The new statute creates the office of county director, but even a casual comparison of the duties cast on the overseer of the poor under the statute of 1862 and those imposed on the county director under the statute of 1937 will convince the reader that the latter is not the official successor of the earlier functionary. Under the statute of 1862, children who fell under the care of the overseer of the poor were bound out to service by that officer. It will hardly be argued that the county director created by the statute of 1937 has that power. The proceedings to "deport" defendant Lange and his family to the state of Washington were initiated by an official created by the statute of 1937, designated "county director"; but he is merely the executive and administrative officer of the county commissioners in their new statutory capacity as a county welfare board.

The new statute also covers such details as that of dealing with transient persons likely to become a public charge who have no legal settlement within the county where they may be found. The state board of social welfare is given authority to prescribe requirements for acquiring a legal settlement within the county, and to make rules for the removal of such transients to the county of their legal domicile. Indeed, the new statute goes further and provides that the state board may make agreements with the welfare departments of other states in regard to the manner of returning persons to the place of their legal settlement. It is perfectly obvious that the summary proceedings to remove the hapless Lange and family from Brown county to the distant state of Washington had not the slightest simulation to any proceedings authorized or contemplated by the statute of 1937.

Another point in respect to the statute of 1862 would press for attention if we could find some tenable basis for holding that it was not completely superseded and impliedly repealed by the statute of 1937. That point is this: The warrant of the justice of the peace of Hiawatha could not possibly have any effect beyond the boundaries of the state of Kansas. It would confer no authority on the "sheriff or any constable of Brown county" to be exercised over Lange, his wife and children the minute they set foot in Nebraska, Colorado, or any of the states that lie between Kansas and the far distant state of Washington. As said in *Howell v. Manglesdorf*, 33 Kan. 194, syl. ¶ 2, 5 Pac. 759, "The state has full power over all persons and

things within its jurisdiction, but cannot extend its process beyond its boundaries." In cases of interstate extradition, it requires the all-powerful aid of an act of congress to insure that a person charged with a crime will not secure his liberty by writ of habeas corpus issued by any one of the many magistrates authorized to issue such a writ along the interstate route an officer in charge of a prisoner must traverse. But we should not labor the obvious. The removal of a person likely to become a public charge in a county where he has no legal settlement to one where he has such a settlement, contemplated removal from one *county* to another, not from one state to another. Whether the agreements with the welfare departments of other states contemplated by the act of 1937 will be workable without the aid of a federal statute we need not now consider.

This court holds that the statute of 1862 has been completely superseded by the statute of 1937 and the earlier act has thereby been impliedly repealed.

This conclusion renders it unnecessary to consider any constitutional infirmities in the act of 1862 under which the present proceedings were instituted, although for the convenience of the bench and bar we take space for citations which would have a bearing on the question whether the act of 1862, as attempted to be applied in this proceeding against defendants, was consistent with the guaranties of section 18 of the Kansas bill of rights and the fourteenth amendment. These are *Overseers of Limestone v. Overseers of Chillisquaque,* 87 Pa. St. 294; *Hilborn v. Briggs,* 58 N. D. 612, 226 N. W. 737; *Settlement of Indigent Persons,* 20 D. & C. (Pa.) 94; 1 Beale on The Conflict of Laws, 308 *et seq.*

The judgment is affirmed.