CUSTER COUNTY, Appellant, v. REICHELT, et al, Respondents

(293 N. W. 862.)

(File No. 8381. Opinion filed September 24, 1940.)

472

**Scovel Johnson,** State's Atty., of Custer, for Appellant.
**M. F. Dudley** and **George D. Lampert,** both of Custer, for Respondents.

SMITH, P.J.   Upon complaint filed by the County Commissioners of Custer County, South Dakota, under SDC 50.0401, alleging that Fred Reichelt, his wife, and their children, poor persons likely to become public charges, had been found in Custer County, and that they had no settlement therein and belonged in Davison County, a Justice of the Peace heard evidence and issued his warrant directing that said persons be sent to Davison County.   The Reichelts purported to appeal from the decision of the Justice of the Peace to the Circuit Court of Custer County.   Thereafter the matter was heard by the Circuit Court and, predicated upon the theory that SDC 50.0401, supra, was unconstitutional, a judgment of dismissal was entered.   Custer County has appealed.

It is agreed by the parties that we are confronted with but a single question, namely, does SDC 50.0401, supra, so unreasonably restrict the liberties of poor persons as to render that section repugnant to the 14th article of amendment of the Constitution of the United States and to section 1 of article VI of the Constitution of South Dakota.

The suggested problem is most interesting (cf. Freund, Police Power, § 271; Lovell v. Seeback, 45 Minn. 465, 48 N. W. 23, 11 L.R.A. 667; Portland v. Bangor, 65 Me. 120, 20 Am. Rep. 681; Cicero Township v. Falconberry et al., 14 Ind. App. 237, 42 N. E. 42), but the conclusion we have reached with reference to the interpretation of the challenged section renders it unnecessary for us to decide that question.

■■ The contention that the section is unconstitutional proceeds from the view that the Legislature intended thereby to provide for the removal of poor persons to the county of their settlement against their will, and it is argued that the end result of such removals is confinement to the county of their settlement. When we read the section in the setting of the act as a whole, as we must, we find no such legislative intention revealed.

The section reads as follows: "50.0401 Justice or municipal court to issue warrant. Upon complaint of any county commissioner, any justice of the peace or municipal court may issue his or its warrant, directed to and to be executed by any constable or by any other person therein designated, to cause any poor person found in the county, likely to become a public charge and having no legal settlement therein, to be sent, at the expense of the county, to the place where such person belongs, if the same can be conveniently done; but if he or she cannot be removed, such person shall be relieved by such commissioners whenever such relief is needed."

This provision came into our law as a part of Chapter 17, Laws of 1868-69, enacted by the 8th Session of the Territorial Legislature, which act set up a comprehensive system for the relief and support of the poor. The statutes then enacted, with but minor amendments, have been carried forward through the several compilations and revisions of our statutes (Chapter 33, Rev. Code of 1877, §§ 2141 to 2178, Compiled Laws of 1887, §§ 2761 to 2798, Rev. Pol. Code of 1903, §§ 10035 to 10065, Rev. Code of 1919), and now appear as SDC 50.

The plan adopted contemplates that each county shall care for its poor. To accomplish this end, provision is made under which a person may acquire a "settlement" in the county, SDC 50.0102, and thereupon the county is charged with the positive duty and obligation to relieve and support such person in case of need. SDC 50.0101. This court has determined that the county is not obligated to provide for its poor while they are outside of the county. Hamlin County v. Clark County, 1 S. D. 131, 45 N. W. 329. If any

person not an inhabitant of a particular county is "lying sick therein or in distress, without friends or money," that county is obligated to grant such temporary relief as the circumstances of the case may require. SDC 50.0105. Power is granted to the County Commissioners of any county in their discretion to temporarily support or relieve other poor persons. SDC 50.0103 and 50.0104. By absence from the state or by the acquisition of a new settlement in another county a person may lose his settlement. SDC 50.0102 (6). In case any person shall suppose that he is entitled to the benefit of the laws for the relief of the poor, and the commissioners refuse to give such person the benefit thereof, the Judge of the Circuit Court of the county, on application, may direct the commissioners to receive him on the poor list. SDC 50.0208. A county may protect itself against the acquisition of settlements by paupers or those likely to become public charges by serving notice warning such person or persons to depart therefrom. SDC 50.0102. It is made unlawful for anyone to send one who is likely to become an object of public charity out of a county where he properly belongs into another county of the state. SDC 50.0106. To bring and leave a pauper in a county where such person is not lawfully settled may subject a person to a civil penalty. SDC 50.0209.

A careful reading of the act, including the challenged section, in search of aids to construction brings to light the following facts deemed significant: The section we are interpreting does not contain an express direction that the poor or those likely to become public charges shall be removed to the county of their settlement against their will. It but provides that the warrant of the Justice may "cause" such persons "to be sent, at the expense of the county." The general provisions of the act authorize the expenditure of public funds for "relief and support." The questioned section contains the only provision authorizing expenditures for transportation of the poor. Further, not only is the act lacking in any express restriction upon the right of paupers to migrate within the state at will, but their right so to do is tacitly recognized by language contained in SDC 50.0102

(6) reading as follows: "* * * Persons coming into the state or going from one county to another, who are public charges, or likely to become such, may be prevented from acquiring a legal settlement in a county, under the provisions of this title, by serving upon any such person, or persons, a notice in writing * * * warning such person, or persons to depart therefrom. * * * After serving such notice the person, or persons, served shall not acquire a legal settlement except by a continuous residence of one year in said county without further warning."

Further, the section not only encompasses those who have actually become public charges, but also those "likely to become such." Again it is observed that the statute makes no provision for serving a summons or notice of any character upon the persons described in the complaint, and, although the Reichelts have purported to appeal, makes no provision for appeal by such persons. The right of appeal is granted to the county to which such persons are to be sent. SDC 50.0402.

The act as a whole reflects an intention to serve a public purpose by a system of benefits conferred upon the needy and distressed. To claim such benefits as a matter of statutory right the beneficiaries are required to voluntarily conform to the plan, whether conformance involves presence in the county of settlement or living in the County Home. Its provisions evidence the fact that the Legislature was aware that certain officers, whom we shall charitably describe as over-zealous, would attempt to serve the interests of their county by influencing the poor to migrate by furnishing them with transportation. It also recognized that good faith disputes between counties as to their responsibilities towards particular individuals were inevitable. In our opinion it was to provide for a system of transporting the unfortunate to the counties of their settlement freed of the vice of influenced migration, and to set up a procedure for the orderly adjudication of disputes, that the Legislature enacted the questioned section and the accompanying sections of SDC 50.04. It seems illogical to us to conclude that the Legislature would have tacitly told the poor that they

could move about the state according to the promptings of their free will, and at the same time have intended to permit an officer to cause them to be returned against their will. If the Legislature had deemed provisions restricting poor persons to the county of their settlement to be within its competence and had intended to so regulate the poor, that intention would have found clear expression in explicit provisions. The restriction of the act is upon acquiring legal settlements, rather than upon migration. It seems quite obvious to us that the section we are interpreting and the act as a whole contemplates and presupposes a desire or willingness upon the part of the poor persons involved to be transported to the only place where they can claim support and relief as a matter of right. Cf. Hilborn v. Briggs et al., 58 N. D. 612, 226 N. W. 737.

It follows that we concur in the disposition of the cause as made by the learned trial court, and that its order and judgment should be and are affirmed.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.
POLLEY, J., not sitting.