## In Re MORTENSEN

BRULE COUNTY, Appellant, v. PENNINGTON COUNTY, Respondent

(2 N. W.2d 679.)

(File No. 8493. Opinion filed February 28, 1942.)

**E. R. Slifer,** of Chamberlain, and **T. B. Thorson,** of Rapid City, for Appellant.

**John D. Wilson** and **Chas. H. Whiting,** both of Rapid City, for Respondent.

RUDOLPH, P.J. The single question presented by this record relates to the legal settlement of one Tillie Mortensen

who was admitted to the State Hospital for the Insane at Yankton, South Dakota, on December 20, 1939. The assignments of error attack only the conclusions of law and judgment entered by the trial court. The facts are without dispute and were found by the trial court, as follows:

"I. That Tillie Mortensen was committed to the State Hospital for the Insane at Yankton, South Dakota by Brule County on December 20, 1939 at a hearing before the Brule County Insanity Board held at Chamberlain, South Dakota, a finding being made, however, by the board that she was at the time of her commitment a legal residence (sic) of Pennington County and she being committed at the expense of Pennington County.

"II. That said Tillie Mortensen was at the time of her said commitment about sixty-four years of age and unmarried. That she homesteaded in Brule County in 1907 and resided there continuously until 1937. That several years prior to 1937 she became afflicted with a mental disease known as senile dementia, and was treated at the sanitarium at Chamberlain, South Dakota for some time, at the expense of Brule County, when the doctor in charge of said institution requested that she be removed for the reason that they no longer could do her any good there.

"III. That at that time a sister, Hannah E. Hansen, arranged to have said Tillie Mortensen brought to the said Hannah E. Hansen's home at Rapid City, South Dakota where she was brought at the expense of Mrs. Hansen, but that her condition did not improve and she was later taken for a time to Spearfish, South Dakota and then placed in a private sanitarium at Rapid City, South Dakota and later taken to the Pennington County Hospital.

"IV. That plans were then made to return said Tillie Mortensen to Brule County and on December, 1937 one L. A. Miller, Deputy Auditor of Brule County, wrote Mrs. Hansen that if she would place the said Tillie Mortensen on the train and send her to Pukwana, South Dakota that someone would meet her and take her to the Brule County poor farm. That later in February, 1938 the said deputy county auditor

notified Mrs. Hansen and the Pennington County Sheriff that the poor farm had no available room at the time and so the said Tillie Mortensen was kept on at the Pennington County Hospital.

"V.   That in April, 1939 Pennington County presented Brule County a bill for hospitalization for the said Tillie Mortensen which the Brule County Board of Commissioners rejected for the reason that the claim was not authorized and was not presented within the budget year.   Later in September, 1939 Pennington County presented another bill to Brule County for additional care rendered Tillie Mortensen, which bill was also rejected, but no reason given for its rejection.   That on October 12, 1939 the said deputy auditor of Brule County informed the Pennington County auditor that since Tillie Mortensen had left Brule County more than two years prior, that Brule County would not recognize any liability for her care.   That in December, 1939, said Tillie Mortensen was returned to Brule County."

This court held in the case of In re Bigelow (Moody County v. Minnehaha County), 17 S. D. 331, 96 N. W. 698, that the term "legal settlement", as used in the statutes relating to insane persons, should be held to mean the same as the identical term used in statutes relating to care of the poor.   The statute relating to the care of the poor, insofar as material in this case, is SDC 50.0102(4) which provides:

"Every male person and every unmarried female over the age of twenty-one years, who shall have resided in this state one year and in the county ninety days, shall thereby gain a legal settlement in such county."

In the Moody County case it was held that a legal settlement once acquired could be defeated only by a showing of an actual residence of ninety days in another county.   In that case seventy-four days only had expired after the removal from the county in which a legal settlement had been acquired and the court held that the legal settlement had not changed during the seventy-four day period.

■■ In the present case it appears that Tillie Mortensen had been in Pennington County more than the ninety

day period, but it also appears that at the time she left Brule County and was taken to her sister in Rapid City she was insane, suffering from a form of insanity known as senile dementia. Under the facts of record, the removal of this insane person from Brule County to Pennington County, cannot be said to have been of her own volition or with any intention on her part of changing her residence from one county to another. It is undoubtedly established in the Moody County case that during the ninety day period intention is not material. To what extent intention becomes material after the ninety day period, if a person voluntarily goes from one county to another, or the manner in which that intention might be established, should it be material, we do not need to decide in this case. We are here concerned with the removal of an insane person who was not capable of making a voluntary choice of her own. Her removal was at the instigation of someone other than herself and about which she apparently had no concern.

The statutes relating to the legal settlement of the poor, of which SDC 50.0102(4) is a part, contemplate that a legal settlement is either acquired or lost by some voluntary act of the person concerned. This court so held in the case of Custer County v. Reichelt, 67 S.D. 471, 293 N.W. 862, wherein it said:

"The act as a whole reflects an intention to serve a public purpose by a system of benefits conferred upon the needy and distressed. To claim such benefits as a matter of statutory right the beneficiaries are required to voluntarily conform to the plan, whether conformance involves presence in the county of settlement or living in the County Home."

Under this record the presence of Tillie Mortensen in Pennington County cannot be said to be voluntary within the meaning of these statutes. Tillie Mortensen, therefore, never lost her legal settlement in Brule County.

The judgment appealed from is affirmed.

All the Judges concur.